Brian D. Shapiro, Esq.  
Nevada Bar No. 5772  
Law Office of Brian D. Shapiro, LLC  
228 S. 4th Street, Suite 300  
Las Vegas, NV  89101  
(t) 702-386-8600; (f) 702-383-0994  
Attorney for Benson Hopp  

E-Filed  10-16-13

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

Mario Trabado dba Clark County Public Auction and Laura Trabado

_____ Debtor.

Case No.:12-16152-MKN  
Chapter 7

## OPPOSITION TO MOTION SEEKING NUNC PRO TUNC APPROVAL OF A STIPULATION BETWEEN THE ESTATE AND THE DEBTOR SELLING ALL NON-EXEMPT ASSETS BACK TO THE DEBTOR AND OBJECTION TO EVIDENCE

Creditor Benson Hopp, by and through Brian D. Shapiro, Esq. of the Law Office of Brian D. Shapiro, LLC respectfully submits his opposition to motion seeking nunc pro tunc approval of a stipulation between the Estate and the Debtor selling all non-exempt assets back to the Debtor and objection to evidence.  This opposition and objection is based upon the attached points and authorities, the Declaration in Support of the Motion to Set Aside Trustee's Final Report and the Declaration in Support of Hopp's request for standing to file suit, incorporates by reference, as if fully stated herein, the motion to set aside the trustee final report and the motion for authority to proceed to file suit and have standing to file suit on behalf of the Bankruptcy Estate.

DATED  10-15-13



Brian D. Shapiro, Esq.  
Nevada Bar No. 5772  
Law Office of Brian D. Shapiro, LLC  
228 S. 4th Street, Suite 300  
Las Vegas, NV  89101  
(t) 702-386-8600; (f) 702-383-0994  
Attorney for Benson Hopp

I.  **Introduction**

The Chapter 7 Trustee is a fiduciary of each creditor of the Bankruptcy Estate not a proponent for the Debtor[1]. Despite this fiduciary status, the Trustee is seeking to approve a sale "nunc pro tunc" and ignoring a much higher offer because "…it remains his belief that, even without obtaining court approval for the stipulation, a verbal contract now exists between the estate and the Debtor, one that has been fully performed and is unlikely to be undone by the court." See, Motion p. 7-8, l. 27-2. The Trustee contends that "it was simply too late for the sale to be undone by a new offer". Id. p. 8, l. 15-16.

Despite this position, the Trustee also noted that he discovered that all of the assets of the Debtor were transferred to a third party within 3 months of the bankruptcy filing to Clark County Public Auction, LLC. Id. p. 2, fn 1. Such transfer was not disclosed in the schedules and it is unknown, what consideration, if any, that Clark County Public Auction, LLC paid to purchase such assets. If such transfer occurred, then the property which the Trustee is attempting to sell is not property of the estate.[2]

The Trustee now seeks Court approval, nunc pro tunc, of an unsigned stipulation which does not have any particulars on what he is selling for a total of $5,000.00. The stipulation states the Debtor "shall redeem any claimed interest in the following property…"

> 50% Interest in Abels Lane LLC and any non-exempt assets in the business
>
> See *Exhibit 5 to Motion* - Docketed as 49-5

---

[1] The Trustee's duties are stated within 11 U.S.C. §704. See generally, *Wolf v. Weinstein* 372 U.S. 633, 650; 83 S.Ct. 969 (1963).

[2] The Trustee concedes that this "technically meant that the estate was entitled to 100% of the company (thus preventing the Debtor from exempting any of the assets)". However, the Trustee ignored this transfer and allowed "the Debtor to continue treating CCPA as a sole proprietorship". See, *Motion* p. 2, fn 1.

OPPOSITION TO MOTION SEEKING NUNC PRO TUNC APPROVAL OF A STIPULATION
BETWEEN THE ESTATE AND THE DEBTOR SELLING ALL NON-EXEMPT ASSETS BACK
TO THE DEBTOR AND OBJECTION TO EVIDENCE

Conversely, the competing offer which was made provided for an immediate payment of $20,000.00 and broke down the offer into subparts. For instance, the purchaser indicated that the payment would be $10,000.00 for all intellectual property, $6,000.00 for the Debtor's 50% interest in Abels Lane LLC, $1,000.00 for his interest in Clark County Public Auctions, LLC and other particulars. See, *Exhibit 6 to Motion* Docketed as 49-6.

## II. Objection to Evidence

Hopp objects to all evidence pertaining to the statements and position of the office of the United States Trustee ("UST"). In particular, the Trustee stated that he had conversations with the UST (without mentioning to whom he had such conversations), that the UST "deemed the error 'harmless' and indicated that, while it would have expected me to correct the record if this procedural mistake had been caught earlier, it was not necessary to do so now since the monies collected had already been distributed to creditors and the case was ready to close." See generally, *Rosenberg Declaration in Support*, p. 8-9. Such objection is based upon lack of specificity as to whom the Trustee spoke, hearsay, speculation and calls for a legal conclusion.

## III. Legal Argument

### A. The Motion Should Not be Approved Nunc Pro Tunc

The Trustee seeks to approve the stipulation nunc pro tunc. The motion does not state when (i.e. what date) such approval is being requested. Hopp is assuming that the date requested is the date in which the Trustee received such funds (which is not stated in the motion). Nunc Pro Tunc approval should only be granted in limited circumstances. This is not one of those circumstances.

The Trustee cites to *In re Atkins*, 69 F.3d 970, 973-974 (9th Cir. 1995); *In re At Home Corp.*, 392 F.3d 1064, 1070-72 (9th Cir. 2004) and 11 U.S.C. § 105(a) for the proposition that nunc pro tunc approval should be granted on the Trustee's stipulation. It appears that the Trustee is seeking Court approval of an unauthorized post-petition transfer (assuming such transfer took place). Despite such request, the cases cited by the Trustee are not persuasive to the facts in this case.

For instance, in *Atkins*, supra, the Ninth Circuit affirmed the granting of a motion for nunc pro tunc approval authorizing payment for appellee accountants' professional services. The bankruptcy court did not abuse its discretion in granting retroactive approval because the appellee accountants' established the existence of exceptional circumstances. The Court approved the nunc pro tunc approval because the need for an accountant was needed for an imminent Internal Revenue Service action for back taxes.

In *At Home Corp.*, supra, the Court had to determine when a rejection of an unexpired nonresidential lease takes effect. Although rejection of an unexpired nonresidential lease does not take effect until court approval, "the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively." The Court held that the retroactive date may be earlier than the date on which the landlord retakes possession of the premises. In particular, the bankruptcy court permissibly allowed the debtor to reject the leases as of the date on which the debtor filed its motion seeking to reject them.

Hopp suggests that this Court could analyze this situation under the Ninth Circuit standard articulated in *In re Harbin*, 486 F.3d 510, 523 (9th Cir. 2007). In *Harbin*, the Court stated four factors that the bankruptcy court should consider in determining whether to exercise its equitable discretion to grant *nunc pro tunc* approval of *post-petition financing* under section

364(c)(2): (1) whether the financing transaction benefits the bankruptcy estate; (2) whether the creditor has adequately explained its failure to seek prior authorization or otherwise established that it acted in good faith when it failed to seek prior authorization; (3) whether there is full compliance with the requirements of section 364(c)(2); and (4) whether the circumstances of the case present one of those rare situations in which retroactive authorization is appropriate.

In this case, the Trustee in his motion is seeking nunc pro tunc approval of a sale under 11 U.S.C. §363 (even though the stipulation indicated a redemption payment). Utilizing the Harbin factors, this Court should determine if (1) whether the sale benefited the Estate; (2) whether the Trustee adequately explained his failure to seek prior authorization or otherwise established that he acted in good faith; (3) whether there is full compliance with the requirements of 363 and (4) whether the circumstances of the case present one of the rare situations in which retroactive authorization is appropriate. Hopp contends that the Trustee is unable to meet all four of these factors.

First, Hopp agrees that any sale will benefit the Estate. However, the amount of the sale should be taken into consideration. The Trustee is now faced with an overbid situation in which he declines to accept. Any bankruptcy sale is subject to overbids so if the Court considers approving the stipulation it should be subject to overbids.

Second, the Trustee admittedly made a mistake but his failure to seek Court approval does not show his good faith. At numerous times the Trustee could have and should have sought Court approval. The Trustee could have filed a motion upon entering into an informal agreement, receiving the funds or prior to requesting his final report to be approved. Moreover, his final report does not disclose the sale of the property. The Trustee also recognized in his motion that the assets which were "sold" were transferred to a third party. This transfer was

never disclosed in the Debtor's schedules and was ignored by the Trustee in order to get a quick payment. Although Hopp has objected to the evidence, the Trustee now argues that this is harmless error and even the UST (even though no name is provided) called this a harmless error.[3] It is improper to call this "harmless error" because it is unknown what amount would be obtained in an overbid situation and what property was actually transferred. A bankruptcy trustee has an ongoing statutory duty to maximize the bankruptcy estate assets for the benefit of the creditors and a trustee's motivation to administer an interest in property (or not) may also change as a bankruptcy case progresses, particularly if there is an increase in equity available to the bankruptcy estate. See generally, In re Gebhart, 621 F. 3d. 1206, 1211-12 (9th Cir. 2010) and In re Hyman, 123 B.R. 342, 347-348 (9th Cir. BAP 1991) [discussing increase in equity in exempt property]. Accordingly, the Trustee is unable to show good faith.

Third, there is still no full compliance with 11 USC 363. The Trustee does not describe what assets are being sold, whether it includes intangibles such as intellectual property, customer lists, domain names or other personal property. Moreover, this is not an arm's length transaction as it was with the Debtor not some innocent third party who was not aware of the bankruptcy. Therefore, it is impossible for the Trustee to comply with such section.

Finally, this is not one of those rare situations in which retroactive authorization is appropriate. The Trustee as a fiduciary is unable to settle a case or sell any property without Court approval. This is a fundamental requirement of the Trustee and this situation is not one in which the parties were not aware of the requirement to obtain Court approval. Clearly both the Trustee and the Debtor were aware of the requirement because the proposed stipulation

---

[3] Hopp has serious doubts about the Trustee's representation on the UST's position. The harmless error rule is a judicial rule to determine if a decision by the Court should be overturned. See generally, Neder v. United States 527 U.S. 1, 119 S.Ct. 1827 (1999) [discussing the harmless error rule in the context of a criminal proceeding].

OPPOSITION TO MOTION SEEKING NUNC PRO TUNC APPROVAL OF A STIPULATION
BETWEEN THE ESTATE AND THE DEBTOR SELLING ALL NON-EXEMPT ASSETS BACK
TO THE DEBTOR AND OBJECTION TO EVIDENCE

contained such requirement to obtain Court approval. As Court approval was never obtained, the stipulation by its own terms was never consummated.

Based upon the above, nunc pro tunc approval should not be granted.

**B. The Motion Should Be Summarily Denied.**

The Trustee is seeking approval of a stipulation under 11 USC 363(b). Such section provides in part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The stipulation does not adequately describe what is being sold. The stipulation indicated that the Trustee is selling the Debtor's 50% interest in Abels Lane LLC and any non-exempt assets in the business. Clearly the Debtor has more than one business, Abels Lane LLC and Clark County Public Auctions (either as a partnership or as a LLC). Therefore, what is exactly being sold? As the Trustee makes no attempt to state what is being sold, the motion is defective.

The Trustee is also not permitting any overbids on the assets. The Trustee stated that he received an offer of $20,000.00, as a stalking horse bidder, for specific assets of the Debtor. The Trustee declined to entertain such offer and is only presenting the $5,000.00 offer. As the $5,000.00 offer is not in the best interest of the Estate, the motion should be summarily denied.

**IV. Conclusion**

It is Hopp's position that the Trustee made an error and is compounding that error by not adequately advising the parties of (1) what he is selling, (2) not permitting third parties to bid on the assets and (3) not proceeding on the potential fraudulent transfer action.[4] The Trustee acknowledges that he made an agreement with the Debtor, which was subject to Court approval,

---

[4] Hopp is conducting discovery on the fraudulent transfer action and has obtained orders for 2004 exams. Such depositions have not taken place. Hopp has also filed a motion requesting authority to proceed on such cause of action.

OPPOSITION TO MOTION SEEKING NUNC PRO TUNC APPROVAL OF A STIPULATION
BETWEEN THE ESTATE AND THE DEBTOR SELLING ALL NON-EXEMPT ASSETS BACK
TO THE DEBTOR AND OBJECTION TO EVIDENCE

which the Debtor performed but no Court approval was obtained. It should not come as a surprise to either the Debtor or the Trustee that the agreement was not effective because the terms required Court approval. Now in light of not obtaining Court approval, the Trustee is ignoring a third party from bidding on the assets so that he may complete his original deal with the Debtor and ignoring the fraudulent transfer. As a result, the Trustee is compounding his first error by not adequately describing what he is selling and not permitting third parties to bid. Therefore, the Trustee should go back to the drawing board and start anew.

DATED  10-15-13



Brian D. Shapiro, Esq.
Nevada Bar No. 5772
Law Office of Brian D. Shapiro, LLC
228 S. 4th Street, Suite 300
Las Vegas, NV  89101
(t) 702-386-8600; (f) 702-383-0994
Attorney for Benson Hopp